BOROUGH OF EATONTOWN (FORMERLY TOWNSHIP OF EATONTOWN), A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. THE AETNA CASUALTY AND SURETY COMPANY, A BODY CORPORATE, AND EDWARD P. HENDRICKSON, DEFENDANTS.

For the plaintiff, *Arthur T. Vanderbilt* (*David Stoffer*, of counsel).

For the defendant, *McDermott, Enright & Carpenter* and *William Hartshorne*.

LAWRENCE, J. This is a motion to confirm the report of a referee, "to enter a *postea* and a rule for judgment thereon" and also to fix the amount of compensation to be allowed the referee, it being alleged in the notice of the motion that no demand for a trial by jury had been filed. On the argument of the motion, it was urged in behalf of the defendant Hendrickson that the motion should not prevail for the reason that there had been a reservation of a trial by jury at the time of the entry of the order of reference and a proper demand for such trial. The argument ultimately turned on the question of practice in filing referee's reports in such cases and what is required of a defendant adversely affected thereby in demanding a trial by jury thereafter.

As indicated in the title, this is a suit instituted in the Supreme Court, with venue laid in Monmouth county. It involves alleged shortages in the accounts of the defendant Hendrickson while collector of taxes of the plaintiff municipality during the years 1921 to 1926, inclusive, for which a recovery is sought. The other defendant, his official surety for some part of the period, is not now concerned in the suit, because of some adjustment of its liability made directly with the plaintiff. The case being at issue was regularly noticed for trial at the December term, 1927, and again at the April term, 1928, of the Monmouth Circuit. When reached for trial, the undersigned as trial judge conceiving that complicated matters of account were involved, of his own motion, made an order referring it to Mr. Halsted H. Wainright, a competent person, to state and report an account between the parties and the amount due, if anything, from the defendant Hendrickson to the plaintiff. It is conceded that he caused his dissent to the reference to be entered in the minutes of the Circuit Court and a reservation of his right to a trial by jury. On August 5th, 1929, the referee mailed his report to the clerk of the Supreme Court who filed it, and on August 24th, 1929, the defendant Hendrickson filed his exceptions thereto, without, however, accompanying it with a written demand for a trial by jury or making such demand during the term of the Supreme Court within which the report had been filed. Such a demand was made on the argument of the present motion, put in written form and is returned herewith. It is argued, however, that the demand comes too late under the statute, and that plaintiff's motion for judgment on the report should be granted. But the important question is whether the present motion is not premature and the practice to be followed in such a case misconceived?

It is to be remembered that the suit is at issue in the Supreme Court and was sent down to the Circuit for trial. Pursuant to section 156 of the Practice act (*Comp. Stat., p.* 4102), the trial judge made the reference in question. His jurisdiction in confirming the referee's report and ordering

judgment entered thereon is subject, however, to the provisions of section 155 (*supra, p.* 4101), and where a reservation of trial by jury has been entered in the Circuit minutes, it is limited to framing the *postea,* to which the referee's report should be attached, and directing that it be filed with the clerk of the Supreme Court. Notice of the filing of the *postea* with the report should then be given to the party adversely affected thereby, and, within the time indicated, exceptions should be filed and a demand for a trial by jury should be made during the term. The case would then be sent down for trial on the report and exceptions at the next term of the Circuit in which the venue is laid. In the present case no effective filing of the referee's report in the office of the clerk of the Supreme Court appears to have been made, for the reason that no *postea* accompanied it. That this was irregular is indicated in *Halsey* v. *Paulison,* 36 *N. J. L.* 406 (cited in *Harrington Sons Co.* v. *United States Express Co.,* 87 *N. J. L.* 154), where it was held that the report of the referee is not to be treated as filed, in the contemplation of the statute, until a *postea* is also filed, and that a confirmation can be moved for at bar, subject to a demand for a trial by jury of the court *in banc* at the same term in which the *postea* with the report is filed, or such motion can be made before the Circuit justice (or as now the trial judge) if no demand for a trial by jury has been made. This reference, of course, involves the jurisdiction of the Circuit judge in Supreme Court issues, under the present practice. An examination of the sections of the then existing Practice act upon which the case of *Halsey* v. *Paulison, supra,* was based as found in Nixon's Digest, pages 743, 754, discloses that they are substantially the same as 155 and 156 of our present Practice act, which are subject to the same interpretation. Since it appears, therefore, that there was a dissent to the reference and a reservation of trial by jury entered in the Circuit Court, the trial judge thereof is without jurisdiction on the present motion to do more than settle the form of the *postea* to which the referee's report will be attached and direct that the same be filed with the clerk of the Supreme

Court. The provisions of section 155 of the Practice act would then apply with reference to notice of the filing of the *postea* and report, the filing of exceptions, and demand for a trial by jury on a motion to confirm to the court *in banc*.

The present motion will accordingly be denied, with the exception that a form of *postea* may be submitted, and when settled and signed will be directed filed with the referee's report in the office of the clerk of the Supreme Court, in which court the usual motions will doubtless be made in pursuance of the statutory provisions. The allowance to the referee as compensation for his services will be determined and fixed by separate order.